**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOSEA BYRD, | No. 09-55522 |
| Plaintiff - Appellant, | D.C. No. 3:08-CV-01459-DMS-AJB |
| v. | |
| A. ARIAS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted January 10, 2011[**]

Before:      BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

California state prisoner Hosea Byrd appeals pro se from the district court's

judgment dismissing his civil rights action, alleging that defendants violated his

Eighth Amendment and Due Process rights by finding him eligible for double

celling.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915(e)(2). *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005). We may affirm on any ground supported by the record. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007). We affirm.

The district court properly dismissed Byrd's Eighth Amendment claim because Byrd's second amended complaint failed to allege any facts suggesting that defendants knew of and disregarded an excessive risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to state an Eighth Amendment claim for deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

Byrd failed to allege facts showing that his placement in the Behavior Modification Unit resulted in a "significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Accordingly, this claim was properly dismissed.

Byrd's appeal of the denial of his motion for injunctive relief is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary injunction would have no practical consequences, and the issue is therefore moot);

2                                                                                    09-55522

*Sec. & Exch. Comm. v. Mt. Vernon Mem'l Park,* 664 F.2d 1358, 1361 (9th Cir. 1982) (futile to review a district court's action on a petition for preliminary relief where the district court has already issued a decision on the merits).

We do not consider arguments and allegations raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**